IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RHONDA MAXWELL, | |
| Plaintiff, | CIVIL ACTION NO.: 4:25-cv-323 |
| v. | |
| WALDEN UNIVERSITY; and BRIGHTSIDE CHILD AND FAMILY ADVOCACY, | |
| Defendants. | |

**O R D E R**

On December 30, 2025, Plaintiff Rhonda Maxwell, who is proceeding *pro se*, filed a Complaint initiating this case, (doc. 1), along with a Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Hearing, (doc. 3). The following day, she filed amended versions of those filings. (See docs. 6 & 8.) Put briefly, Plaintiff alleges that she is legally blind and is enrolled in the Masters of Social Work program offered by Defendant Walden University ("Walden"). (Doc. 6, pp. 1–2.) She claims Walden is aware of her disability and has approved certain accommodations related to her visual impairment ("including structured communication, consistent supervision, accessible task completion methods, and oversight"). (Id. at p. 2.) Walden, however, has allegedly failed to consistently implement the approved accommodations. (Id.) Plaintiff also alleges that, as part of her required coursework, she was participating in a "field placement" with Defendant Brightside Child and Family Advocacy ("Brightside"). (Id. at p. 2; doc. 8, p. 2.) While not explicitly alleged in her Amended Complaint, Plaintiff claims, in her Amended Motion for Temporary Restraining Order and Preliminary Injunction, that she requested

accommodations from Brightside but never received any response and was terminated shortly thereafter. (Doc. 8, p. 2.) According to her Amended Complaint, "Plaintiff remains excluded from her field placement while the academic quarter[, which ends on February 9, 2026], continues to run." (Doc. 6, p. 2 ("Each passing week causes Plaintiff to permanently lose academic credit, required field hours, and timely degree completion.").) She asserts claims for violation of the Rehabilitation Act and the American with Disabilities Act and she seeks, *inter alia*, a Court order directing the Defendants to "reinstate" her with reasonable accommodations. (Id. at pp. 3–4.)

In her Amended Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff has requested both a temporary restraining order and a preliminary injunction via an expedited preliminary injunction hearing. (Doc. 8.) She claims "[i]mmediate relief is necessary to preserve the status quo and prevent irreparable harm." (Id. at p. 1.) She lists a bevy of specific directives she seeks to have the Court issue to Defendants (in addition to ordering that she be reinstated to the field placement). (Id. at pp. 3–4.)

Federal Rule of Civil Procedure 65(b) permits a Court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only* if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A–B). The Supreme Court of the United States has advised that such *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is

necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

Along with her Motion, Plaintiff included an unsigned document entitled "Rule 65(b) Certification Regarding Notice,"[1] in which she states that "[i]mmediate and irreparable injury will occur before Defendants can be heard in opposition because Plaintiff remains excluded from her required academic program and field placement while the current academic quarter is already in progress." (Doc. 8, p. 6.)  She also states that "[p]roviding advance notice to Defendants would risk further delay, obstruction, or retaliation, and would render the requested emergency relief ineffective, as the loss of the current academic term would become unavoidable before the Court could act."  (Id.)

Even assuming this document qualifies as an "affidavit" under subsection (A) of Rule 65(b)(1), or as a written certification under subsection (B), the facts asserted therein do not show that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" nor do they provide any other reasons why notice should not be required.  Plaintiff's assertion that a TRO giving her the relief she requests is necessary to "preserve the status quo" is misguided.  The "status quo" is her exclusion from the field placement at Brightside along with Walden's non-provision of special accommodations.  Notably, according to Plaintiff's own allegations, she was terminated "shortly" after her "mid-October 2025" request for accommodations from Brightside, strongly hinting that the current situation has been the "status quo" for upwards of two months.  (Doc. 8, p. 2.)

---

[1] Plaintiff also did not include a signature (and merely typed her name) on her Amended Complaint or her Amended Motion for Temporary Restraining Order and Preliminary Injunction.  (See docs. 6 & 8.)

3

Moreover, Plaintiff's Motion asks the Court to impose a bevy of specific requirements and restrictions on Defendants— many of which lack any factual support in Plaintiff's filings—rather than simply asking the Court to order that Defendants abstain from some action. (See id. at pp. 3–4 (for example, Plaintiff asks the Court to order that, "[d]ue to past discrimination, [three specified individuals] shall have no role in Plaintiff's accommodations, evaluations, or related meetings" and to order that "all emails [of specified types] sent to youth . . . can be sent [by Plaintiff] from home after hours . . .").) The Court is not willing to swiftly issue such sweeping directives without hearing from Defendants. See Granny Goose Foods, 415 U.S. at 438–39 ("The stringent restrictions imposed by . . . Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.").

Accordingly, Plaintiff's filings—including her Complaint (which the Court assumes, *arguendo*, qualifies as verified despite not having been signed)—fail to demonstrate that, unless the Court acts *instanter* and without waiting to hear from Defendants, Plaintiff is at risk of an immediate and irreparable injury, loss, or damage.

In light of the foregoing, the Court **DENIES in part**, **GRANTS in part**, and **WITHHOLDS RULING in part** on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 8.) Specifically, the Court **DENIES** Plaintiff's request for a temporary restraining order; **GRANTS** Plaintiff's request for an expedited hearing on her request for a preliminary injunction; and, accordingly, **WITHHOLDS RULING** on the request for a preliminary injunction. Given her request for an expedited hearing, the Court **ORDERS** Plaintiff to serve Defendants with the summons, Complaint, all pending motions, and a copy of this Order

no later than January 19, 2026.[2]  Each Defendant's response to the Motion, (doc. 8), must be filed on the Court's docket and served on Plaintiff within **TEN (10) DAYS** of the date that Defendant is served.  The Court will schedule a hearing on the Motion once it receives the Defendants' responses.

**SO ORDERED**, this 6th day of January, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2]  Given the expedited deadlines contained in this Order, the Court **DIRECTS** the Clerk of Court to serve this Order to Plaintiff via electronic mail and regular mail.  The Court only makes this provision for this Order, and Plaintiff should not expect to receive future filings via electronic mail.

5