UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RHONDA MAXWELL,                      )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        CV425-323
                                     )
WALDEN UNIVERSITY, and               )
BRIGHTSIDE CHILD AND                 )
FAMILY ADVOCACY,                     )
                                     )
            Defendants.              )

## ORDER

Plaintiff seeks leave to file a Second Amended Complaint ("SAC") to 1) clarify her factual allegations, 2) add legal claims and theories from the factual circumstances underpinning the First Amended Complaint ("FAC"), and 3) present more information concerning alleged damages. Doc. 60. Defendant Brightside Child and Family Advocacy, Inc. ("Brightside") has responded in opposition. Doc. 66. Defendant Walden University ("Walden") has not responded within the time to do so, indicating a lack of opposition. *See* S.D. Ga. L. Civ. R. 7.5; *see generally*

1

docket.    For the reasons discussed below, Plaintiff's Motion is **GRANTED**.  Doc. 60.

"The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has clarified that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend can be denied due to futility where the Plaintiffs' entire amended complaint would be subject to dismissal.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)); *see also D.H. Pace Co., Inc. v. OGD Equip. Co.*, LLC, 515 F. Supp. 3d 1316, 1323 (N.D. Ga. 2021) ("Dismissal [on futility grounds] is appropriate where the pleading contains 'no potentially meritorious claims.'" (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1261 (11th Cir. 2004))); *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) ("[L]eave to amend should only be denied on the ground of futility when the proposed

2

amendment is clearly insufficient or frivolous on its face." (internal citation omitted)). "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (internal quotation, citation, and alteration omitted).

Because futility is reviewed under the same standard as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *Bazemore v. U.S. Bank, N.A.*, 167 F. Supp. 3d 1346, 1355 (N.D. Ga. 2016), "the complaint's factual allegations . . . must be accepted as true." *Warren v. DeSantis*, 631 F. Supp. 3d 1188, 1194 (N.D. Fla. 2022). "Credibility choices play no part in the analysis; a motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations can be judged." *Id.* "On a preliminary-injunction motion, unlike on a motion to dismiss for failure to state a claim, evidence is properly considered, and credibility choices can be made." *Id.*

As with Plaintiff's FAC, the Court cannot conclude that the SAC contains "no potentially meritorious claims," *D.H. Pace Co.*, 515 F. Supp. 3d at 1323, since neither Brightside nor Walden challenge the

3

plausibility of the claims against Walden. *See generally* doc. 66; *see also generally* docket. Moreover, Brightside relies in large part on Maxwell's testimony and the Court's findings of fact from the hearing related to Maxwell's Motion for Preliminary Injunction to demonstrate the futility of Maxwell's SAC. *See, e.g.*, doc. 66 at 4-6, 8. Brightside's reliance on this information runs counter to the principle that, when challenging the legal sufficiency of a complaint, "the complaint's factual allegations . . . must be accepted as true," *Warren*, 631 F. Supp. 3d at 1194. Brightside provides no authority supporting the proposition that testimony and findings of the Court from a preliminary injunction hearing are properly considered in reviewing the proposed pleading's alleged futility. *See generally* doc. 66. Given the low standard for amendment, that the claims against Walden are unchallenged, and that some of Brightside's challenges are dubious under the motion to dismiss standard, the Court finds no "substantial reason" to deny Plaintiff's pursued amendment.[1] Therefore, Maxwell's Motion for Leave to File Second Amended

---

[1] While the Court affords Plaintiff leave to file her SAC, she is warned that that she will not be permitted to amend her pleadings *ad infinitum*. Any subsequent attempt to amend, like this one, will require the Court's leave unless she receives written consent from Brightside and Walden. Fed. R. Civ. P. 15(a)(2). Particularly in the absence of newly discovered information or changed circumstances, leave to amend any further may not be appropriate.

Complaint is **GRANTED**.  Doc. 60.  The Clerk is **DIRECTED** to file Maxwell's Second Amended Complaint, doc. 60-1, as a standalone docket entry.  Responses shall be governed by Rule 15(a)(3).

Because Maxwell's Second Amended Complaint supersedes her prior pleading, it moots Defendant Brightside's Motion to Dismiss that pleading.  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n. 1 (N.D. Ga. Jan. 25, 2013) ("An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint."). Therefore, Defendant's Motion to Dismiss is **DISMISSED AS MOOT**. Doc. 64.  Nothing in this Order precludes Brightside from responding to Plaintiff's SAC with another Rule 12(b) Motion.

**SO ORDERED**, this 29th day of May, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5