**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| RHONDA MAXWELL,<br><br>Plaintiff,<br><br>v.<br><br>WALDEN UNIVERSITY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV425-323 |

## ORDER

On November 5, 2026, the Court held an informal status conference with the parties to clarify the accommodations previously imposed by the Court. Based on that discussion, the Court hereby modifies Plaintiff's current accommodations and stays discovery until the resolution of various pending Motions. *See, e.g.*, docs. 71, 72, 88, 95, 96, & 102. Plaintiff has also since filed a Motion for Appointment of Counsel and Request for Reasonable Disability Accommodations which the Court will also address. Doc. 115.

First, the Court's previously imposed accommodation that required Defendants to submit courtesy copies of lawyer-generated documents in 20-point font, doc. 56, is now **MODIFIED** to require 24-point font. The

Clerk is **DIRECTED** to send a courtesy copy of all Court filings in 24-point font to the email address provided by Plaintiff: rhondamaxwell2011@hotmail.com. Additionally, Defendants are **DIRECTED** to send courtesy copies of lawyer-generated documents to Plaintiff in 24-point font to the email address above.

Additionally, the parties discussed with the Court their obligation to conduct a Rule 26(f) Conference. To avoid further confusion concerning discovery, the Court *sua sponte* **STAYS** all discovery in this case, pending further order from the Court. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (noting the Court's "broad discretion to stay proceedings as an incident to its power to control its own docket.").

Also pending before the Court is Plaintiff's Motion to Appoint Counsel and Request for Reasonable Disability Accommodations. Doc. 115. Plaintiff seeks court-appointed counsel to assist in her ongoing litigation because she "has a visual impairment that substantially affects [her] ability to read standard-size printed and electronic documents." *Id.* at 1. The Court previously addressed Plaintiff's concerns regarding her

visual impairment and its bearing on the appointment of counsel. *See* doc. 56 at 3–5.

The Court reiterates here that Plaintiff has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g.*, *Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021). Moreover, "[w]hile the Court sympathizes with Plaintiff's health issues, those alone do not constitute a basis for appointment of counsel[;]"

particularly where "Plaintiff's initiation of the present action along with [her] filings, all without an attorney, have demonstrated [her] ability to proceed adequately on [her] own behalf." *Williams v. McDonough*, 2023 WL 6552306, at *2 (N.D. Ga. Aug. 4, 2023). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). As Maxwell's filings in this case are clear and cogent, and the issues related to her claim are not complex, the Court does not find any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Maxwell's request for appointed counsel is, therefore, **DENIED**. Doc. 115, in part.

Plaintiff concludes her Motion with a request to the Court for "reasonable accommodations that will provide meaningful access to court documents and proceedings." Doc. 115 at 4. Her request for accommodations includes: assistive reading equipment, OCR and accessible electronic documents, accessible PACER assistance,

alternative access to written materials, additional time when necessary, and accessible court proceedings. *Id.* While the Court can provide some accommodation, such as requiring the parties to attach a large-print courtesy copy of lawyer-generated materials to court filings, some of Plaintiff's requests must be denied. Neither the Court, nor its staff, are authorized to provide litigation support to any party. *See, e.g., Boles v. Georgia*, 2023 WL 8529074, at *1 n. 1 (S.D. Ga. Dec. 8, 2023) ("[N]o judge or other court employee may provide legal advice, even to *pro se* litigants."). Plaintiff's request for assistive reading equipment, OCR and accessible electronic documents, accessible PACER assistance, alternative access to written materials is, therefore, **DENIED**. Doc. 115, in part.

Next, the Court has previously addressed Plaintiff's requests for reasonable extensions; the Court cannot grant unspecified extensions to deadlines which have not yet arisen. To the extent that Plaintiff believes that any particular deadline imposed by a Court Order, the Federal Rules of Civil Procedure, or the Court's Local Rules should be extended, she must request an extension of a specific length once that deadline has been imposed. In a similar fashion, any request for accommodations related

to court proceedings must be accompanied by a specific claim for relief. The Court notes that no hearings or other court proceedings are currently pending on the docket. *See generally* docket. Plaintiff's requests for additional time when necessary, and accessible court proceedings are **DENIED**. Doc. 115, in part.

**SO ORDERED**, this 24th day of November, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA